**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| BRIAN A. CLAY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 1:05-CV-152-TCM |
| | ) |
| CHUCK DWYER, JOHNNY WILLIAMS, and | ) |
| STEVE LONG, | ) |
| | ) |
|     Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Brian A. Clay (registration no. 517826) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on September 14, 2005. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $7.50, and an average monthly account balance of $1.32. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.50, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, an inmate at the Southeast Correctional Center, seeks injunctive and monetary relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Chuck Dwyer (superintendent), Johnny Williams (functional unit manager) and Steve Long (assistant director, adult institutions). Plaintiff alleges that defendants have restricted his right of access to the courts; failed to investigate allegations against their subordinates; failed to provide adequate cleaning supplies; and utilized controlled feeding, Alternate Meal Procedure, for misconduct unrelated to food.

**Discussion**

Even construed liberally, plaintiff's complaint fails to state a claim upon which relief may be granted because he has failed to allege any facts as to how each of the named defendants personally violated his federally-protected rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir.1990); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Moreover, responsibility for overseeing operations is "an insufficient basis for liability in a suit brought under 42 U.S.C. § 1983." *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff's claims regarding failure to investigate allegations against subordinates and failure to provide adequate cleaning supplies are broad, simple and conclusory. As such, they are legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (It is not the duty of the Court to supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded).

Plaintiff's claim that he was denied access to the courts because his access to legal research materials while in administrative segregation was limited should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has not alleged that he suffered actual prejudice to a nonfrivolous case. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Plaintiff's claim that defendants use the Alternate Meal Procedure for misconduct unrelated to food also fails to state a claim upon which relief may be granted. "To make out an Eighth Amendment violation a plaintiff must show a serious deprivation of 'the minimal civilized measure of life's necessities' and 'offending conduct [that is] wanton.'" *Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (quoting *Wilson v. Seiter,* 501 U.S. 294, 298, 302, 111 S.Ct. 2321 (1991)). "A successful challenge to conditions of confinement requires a showing that prison officials have been deliberately indifferent to an inmate's health or safety." *Id*. (citing *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970 (1994)). While prison officials are required to provide a nutritionally adequate diet, *Divers v. Dep't of Corrections*, 921 F.2d 191, 194 (8th Cir. 1990), plaintiff's allegations regarding the Alternate Meal Procedure do not rise to the level of an Eighth Amendment violation. He does not allege that the meals are unsanitary, do not meet the basic nutritional needs of inmates or make him ill, or that he is deprived of food or has lost weight as a result of eating such meals. Plaintiff's allegations are not serious enough to constitute a violation of constitutional magnitude.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.50 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of November, 2005.

_____
**UNITED STATES DISTRICT JUDGE**